UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA L. LEWIS, #390410,

    Plaintiff,

    v.                                 CASE NO. 2:15-CV-13009
                                      HONORABLE GEORGE CARAM STEEH
ST. JOHN'S HOSPITAL, et al.,

    Defendants.
                                     /

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. Introduction**

Michigan prisoner Diana L. Lewis ("plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning medical care that she received for a finger injury at St. John's Hospital in Detroit, Michigan in 2013 – prior to her current incarceration. She names the hospital, a physician's assistant, and a doctor as the defendants in this action. She sues them in their official/professional capacity and seeks monetary damages. The Court has granted the plaintiff's application to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a). Having reviewed the complaint, the Court now dismisses it for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court further concludes that an appeal cannot be taken in good faith.

**II. Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to

sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

     A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550

U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).  Additionally, a plaintiff must demonstrate that the conduct which caused his or her alleged injury is "fairly attributable to the State."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).  Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when:  (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor.  Id.

In this case, the named defendants are private parties and not state actors subject to suit under § 1983.  Their alleged improper conduct occurred when the plaintiff sought emergency medical care for a finger injury that she sustained in 2013 – before her current incarceration.  Consequently, their conduct is not fairly attributable to the State.  The plaintiff does not allege any facts which show that the named defendants deprived her of her constitutional rights while acting under color of state law.  She thus fails to state a claim upon which relief may be granted under § 1983 in her pleadings

and her civil rights complaint must be dismissed.[1]

### III.     Conclusion

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in her complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. The Court further concludes that an appeal from this order cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). This case is closed.

**IT IS SO ORDERED**.

Dated:  September 1, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 1, 2015, by electronic and/or ordinary mail and also on Diana Lewis #390410, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk

---

[1] The Court also notes that claims of negligence concerning medical treatment, i.e. medical malpractice, are not cognizable in a civil rights action under § 1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Collins v. City of Harker Hgts., 503 U.S. 115, 127-28 (1992) (ruling that an "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest").